Kelly SCHNEBLY, a minor, By Orvin H. Schnebly and Wanda Schnebly, natural guardians and next friends, et al., Appellees,

v.

John M. BAKER, Appellant.

John M. BAKER, Appellant,

v.

ST. JOSEPH MERCY HOSPITAL OF DUBUQUE, Iowa, an Iowa corporation, et al., Appellees.

No. 2–57506.

Supreme Court of Iowa.

Sept. 18, 1974.

———◆———

Laird, Burington, Bovard & Heiny, Mason City, and Davis, Cross & Scott, Des Moines, for appellant.

Karr, Karr & Karr, Webster City, and Robins, Davis & Lyons, St. Paul, Minn., for appellees Schnebly.

Walter C. Schroeder, Mason City, and Ahlers, Cooney, Dorweiler, Allbee & Haynie, Des Moines, for appellee Hospital.

Brown, Kinsey & Funkhouser and Shepard & Shepard, Mason City, for appellees Joyce and Potter.

PER CURIAM.

This is the second appeal in the present case. See Schnebly v. Baker, 217 N.W.2d 708 (Iowa). In our previous opinion we sustained judgment for the child against Dr. Baker for $912,124 and interest, we dismissed the claim of Mr. and Mrs. Schnebly individually (the parents), we held Dr. Baker entitled to contribution from the hospital and the pathologists for half, and we remanded for entry of judgment.

On remand, the trial court held a hearing. The parties presented evidence which disclosed that prior to the original trial, the hospital and pathologists paid the child and parents $150,000 for a covenant not to proceed further. In the settlement, the child and parents reserved their causes of action against Dr. Baker, agreed to hold the hospital and pathologists harmless from Dr. Baker's claim for contribution, and assigned to the hospital and pathologists such part of any judgment recovered by the child and parents against Dr. Baker as equals the amount of contribution awarded Dr. Baker.

Dr. Baker contends that in view of these facts, the amount of the child's judgment against him should be $456,062, for if he pays the child $912,124, the hospital and pathologists must pay Dr. Baker $456,062 by way of contribution and the child must then pay the hospital and pathologists $456,062 under the settlement. Therefore, Dr. Baker contends, the direct way to handle the matter is simply to grant the child judgment against Dr. Baker for $456,062.

The trial court felt bound, however, to enter judgment as directed in our first opinion, and did so. Dr. Baker appealed from that judgment and filed an appendix.

All of the parties then appeared before this court by counsel and agreed to submit the present appeal to this court on the appendix in order to expedite the proceeding.

■ Upon consideration of the appendix, we conclude the trial court was correct that ordinarily on remand nothing is left for a trial court except to enter judgment as directed by the appellate court. Berger v. Amana Society, 254 Iowa 1036, 120 N.W.2d 465. In this case, however, additional facts were presented on remand which were not originally before the trial or appellate court, bearing on the proper judgment to be entered. Under such circumstances, we conclude that the trial court should have entered judgment in accordance with the additional facts, in the light of the principles stated in our first opinion. 5B C.J.S. Appeal & Error § 1978 at p. 619.

In view of the facts developed on remand and of Dr. Baker's contention that the amount of the child's judgment against him should be $456,062, we return the case to district court with instructions (1) that the district court's original judgment of March 18, 1971, its judgment on remand of July 2, 1974, and its nunc pro tunc entry of July 3, 1974, be vacated, (2) that the claim of Orvin H. Schnebly and Wanda Schnebly individually be dismissed, (3) that Kelly Schnebly have and recover of and from John M. Baker the sum of $456,062, together with interest thereon at 5% per annum from March 18, 1971, until paid, with judgment to be so entered, (4) and that all costs in district court in its Civil Case No. 39962 and in the Iowa Supreme Court in Appeal No. 55408 be taxed one-half to John M. Baker and one-half to St. Joseph Mercy Hospital of Dubuque, Iowa, George T. Joyce, and Paul H. Potter, limiting the costs for the brief of appellees Schnebly, however, to $2 per page.

We tax the costs in the present Appeal No. 2–57506 one-third to appellant Baker, one-third to appellee Kelly Schnebly, and one-third to appellees St. Joseph Mercy Hospital, George T. Joyce, and Paul H. Potter.

Reversed and remanded.

All justices concur except MASON, J., who takes no part.