UNITED FIRE AND CASUALTY
CO., Plaintiff,

v.

IOWA DISTRICT COURT FOR SIOUX
COUNTY, Defendant.

No. 98–1938.

Supreme Court of Iowa.

June 1, 2000.

Ned A. Stockdale of Fitzgibbons Law Firm, Estherville, for plaintiff.

William Kevin Stoos of Klass, Stoos, Stoik, Mugan, Villone & Phillips, L.L.P., Sioux City, Scott W. Dunn of Flanders, Stover, Elsberg & Ellis, L.L.P., Boulder, Colorado, and James R. Christoph, McCormick & Christoph, P.C., Boulder, Colorado, for defendant.

CADY, Justice.

This action to declare coverage under an automobile policy is before us on a petition for writ of certiorari filed by the insurer after the district court granted a motion permitting the insured to amend a pleading to allege that an exclusion under a policy of insurance is void under the law of the State of Colorado. In a prior appeal of the action, we held the insureds failed to prove Colorado law prohibited the exclusion. We sustain the writ and remand the case to the district court for entry of judgment for the insurer.

## I. Background Facts and Proceedings.

Mabel and Victor Victoria purchased an automobile liability policy from United Fire and Casualty Company while they were residents of Iowa. The policy provided coverage from October 29, 1993 to April 29, 1994.

The Victorias moved to Colorado in January 1994. They subsequently informed United they intended to change insurance companies.

On April 25, 1994, the Victorias obtained automobile coverage with State Farm Mutual Automobile Insurance Company through an agent in Colorado. Three days later, on April 28, 1994, Mabel was tragically killed in an automobile accident while a passenger in her car. Mabel's son, Roger, was driving the vehicle.

The Victorias sought coverage under both of the policies of insurance. United eventually denied coverage under their policy and filed a declaratory judgment action seeking a legal determination that it had no obligation to provide coverage. Among other grounds, United asserted that the "family member exclusion" under the policy precluded family members from recovering. Although the trial court initially limited the action to other grounds by United, the "family member exclusion" claim was tried to the court with the consent of the parties. The Victorias argued at trial that Colorado law governed the issue and did not permit such exclusion. It offered witnesses on the issue and submitted legal authority in support of its position.

The district court determined the United policy must be reformed under Colorado law and deleted the "family member exclusion." United appealed from the ruling.

In deciding the case on appeal, we first recognized our prior cases upholding the "family member exclusion clause" as well as the presumption that foreign law is the same as Iowa law unless proved otherwise. *See United Fire & Cas. Co. v. Victoria,* 576

N.W.2d 118, 121 (Iowa 1998). We then found "the Victorias had failed to prove" Colorado law would prohibit the exclusion, even though the record revealed witnesses at trial who suggested otherwise. *Id.* Although we affirmed the district court on some of the claims of error raised by United, we concluded the district court erred in ordering reformation to remove the family exclusion. *Id.* We therefore reversed the decision and remanded it "for further proceedings." *Id.* The procedendo subsequently issued directed the district court to "proceed in the manner required by law and consistent with the opinion of the court."

On remand, the Victorias moved to amend their pleadings to specifically allege that Colorado law applied to the case and that the "family member exclusion" was unlawful under Colorado law. The district court granted the motion and ordered a new hearing. It determined the Victorias should be given a new opportunity to prove that Colorado law declares the exclusion unlawful because the issue was merely tried by consent at the first trial without a full opportunity to plead and prove Colorado law. The district court was convinced that Colorado law did not permit the exclusion and that the Victorias should be given another opportunity to make their record. It concluded that it had discretion to permit the amendment because the remand did not specify that the case should be dismissed.

United filed its petition for writ of certiorari. It alleged the district court exceeded its authority by granting the amendment and by failing to dismiss the case on remand.

**II. Scope of Review.**

 Certiorari is a law action to determine whether a tribunal has exceeded its authority or otherwise acted illegally. *See* Iowa R.Civ.P. 306; *Medina v. Iowa Dist. Ct.*, 552 N.W.2d 140, 141 (Iowa 1996). The nature of the issues in a certiorari action determine our review. *Polk County Sheriff v. Iowa Dist. Ct.*, 594 N.W.2d 421, 423 (Iowa 1999). Our review of actions for declaratory relief is governed by the manner in which the action was tried in district court. *See Smith v. Bertram*, 603 N.W.2d 568, 570 (Iowa 1999). This declaratory judgment action was at law. Our review, therefore, is for correction of errors at law. Iowa R.App.P. 4; *Hancock v. City Council*, 392 N.W.2d 472, 473 (Iowa 1986).

**III. Discussion.**

 It is a familiar legal principle that an appellate decision becomes the law of the case and is controlling on both the trial court and on any further appeals in the same case. *Springer v. Weeks & Leo Co.*, 475 N.W.2d 630, 632 (Iowa 1991). Like *res judicata*, the law of the case doctrine is founded on a public policy against reopening matters which have been decided. *Wolfe v. Graether*, 389 N.W.2d 643, 651 (Iowa 1986) (citing 46 Am.Jur.2d *Judgments* § 400, at 568 (1969)). Thus, issues decided by an appellate court generally cannot be reheard, reconsidered, or relitigated in the trial court. 5 C.J.S. *Appeal and Error* § 975, at 476–77 (1993). The appellate court decision is final as to all questions decided and the trial court is obligated to follow that decision. *Id.*

 The doctrine, however, is not absolute or inflexible. We have recognized at least two situations when the law of the case doctrine does not apply. *Springer*, 475 N.W.2d at 632. The first exception is when the law has been changed by legislative enactment. *Id.* The second exception is when the controlling law has been clarified by judicial decisions following remand. *Id.*

 These exceptions have no application to the facts of this case. However, we also recognize the doctrine is inapplicable when different facts are presented on retrial or other proceedings on an issue after remand. *Schnebly v. Baker*, 221 N.W.2d 739, 740 (Iowa 1974). Yet, this exception

applies where the right to a new trial or similar further proceeding survives an appeal. *See* 5 C.J.S. *Appeal and Error* § 976, at 480.

■ In this case, no right of retrial survived the remand. The application of the "family member exclusion" was litigated by consent in the trial court prior to the first appeal. *See* Iowa R .Civ.P. 106 (issues not raised in pleadings but tried by express or implied consent of parties shall be treated as if they have been raised in the pleadings); *Rouse v. Rouse,* 174 N.W.2d 660, 666 (Iowa 1970) (issues may be tried by consent, though not specifically presented in the pleadings). United placed the issue squarely before the trial court. *See Victoria,* 576 N.W.2d at 121. Moreover, our law recognizes the "family member exclusion" to be valid. *Walker v. American Family Mut. Ins. Co.,* 340 N.W.2d 599, 601–03 (Iowa 1983). Thus, the Victorias were obligated to prove the application of Colorado law. *See Powell v. Khodari–Intergreen Co.,* 334 N.W.2d 127, 131 (Iowa 1983) (party asserting foreign law's applicability bears burden of proving the contents of that law). The Victorias did in fact present evidence on the issue at trial and even declined an invitation by the trial court to present additional information. We found on appeal this evidence failed to prove Colorado law would prohibit the exclusion. *Victoria,* 576 N.W.2d at 121. There was no further issue to be litigated on remand.

■ Generally, the district court is vested with discretion to direct the course of the case following remand absent specific instructions. *See* 5 C.J.S. *Appeal and Error* § 978, at 481–83. Thus, when remand is general, the district court may take action consistent with the appellate decision. *See Ronna v. American State Bank,* 215 Iowa 806, 815, 246 N.W. 798, 802 (1933). In this case, however, the trial court had no discretion but to enter judgment for United under the doctrine of the law of the case. It was error to permit an amendment to the pleadings to relitigate

an issue previously resolved on appeal. *See* 5 C.J.S. *Appeal and Error* § 991, at 496–97.

**WRIT SUSTAINED.**