**IN THE COURT OF APPEALS OF IOWA**

No. 14-0149
Filed January 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PERRY BERNARDO BENDER,**
        Defendant-Appellant.
_____

        On certiorari to the Iowa District Court for Webster County, Adria A. Kester, District Associate Judge.

        Perry Bender challenges the resentencing order on remand.    **WRIT ANNULLED.**

        Shawn Smith of Shawn Smith, Attorney at Law, PLLC, Ames, for appellant.

        Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

This case comes to us on appeal from our order for remand for resentencing. However, the challenge raised here is that the district court exceeded its authority on remand, more properly challenged by a writ of certiorari. *See, e.g.*, *City of Okoboji v. Iowa Dist. Ct.*, 744 N.W.2d 327, 330 (Iowa 2008); *United Fire & Cas. Co. v. Iowa Dist. Ct.*, 612 N.W.2d 101, 103 (Iowa 2000). We thus treat the appeal as a writ of certioriari. *See* Iowa R. App. P. 6.108.

> Our review of an original certiorari action is for correction of errors at law. *State Pub. Defender v. Iowa Dist. Ct.,* 633 N.W.2d 280, 282 (Iowa 2001). We examine the judgment and action of the tribunal below to determine if the tribunal exceeded its jurisdiction or acted illegally. *Id.* Generally, judgment on certiorari is limited to sustaining or annulling the proceedings. *Whitlock v. Iowa Dist. Ct.,* 497 N.W.2d 891, 893 (Iowa 1993).

*City of Okoboji*, 744 N.W.2d at 330.

We offer a summary of the earlier appeal. *See State v. Bender*, No. 12-0415, 2013 WL 2368826 (Iowa Ct. App. 2013). In 2001, Perry Bender entered an *Alford* plea to willful injury, a class "D" felony. *Id.* at *1. Part of the plea provided: "The parties have agreed that any fines will be waived in this case." Bender waived the preparation of a presentence investigation report and sought immediate sentencing. The district court sentenced Bender to a term not to exceed five years, suspended the sentence, and placed him on probation for two years. *See id.*

Ten years later, Bender filed a motion in district court to correct an illegal sentence, contending the sentence agreed to in the plea was illegal because Iowa Code section 902.9(5) (2001) required a $750 fine be imposed for the

offense to which he pled guilty. *See id.* The district court entered an order nunc pro tunc adding a paragraph to the sentencing order: "Defendant shall pay a fine of $750 and a surcharge of 30%. All said fine and surcharge shall be suspended." *Id.* at *2. After the district court rejected Bender's motions to reconsider and to vacate judgment and sentence, Bender appealed. *Id.*

On appeal, the State "conced[ed] the sentence was illegal and a nunc pro tunc order was not the proper way to correct it." *Id.* However, the State urged the court to find "that Bender did not appeal from the judgment entered on his conviction within the required time, and the conviction is not before the court, so consequently the controversy is moot." *Id.* This court ruled:

> [W]e . . . vacate the nunc pro tunc order and the initial sentencing order and remand for resentencing. We also reject Bender's pro se argument that due to a violation of Iowa Code section 708.4(2) his conviction should be vacated. We agree with the State's argument that the time for appeal of that conviction has passed and affirm the conviction.

*Id.* at *3. Bender did not seek further review.

On remand, Bender argued he should be allowed the opportunity to withdraw his plea because the plea agreement called for an impermissible sentence.[1] The district court rejected the request to withdraw the plea. It

---

[1] The plea was entered under Iowa Rule of Criminal Procedure 9, now rule 2.10(3), which provides:

> When the plea agreement is conditioned upon the court's concurrence, and the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement. In that event, the court may accept a waiver of the use of the presentence investigation, the right to file a motion in arrest of judgment, and time for entry of judgment, and proceed to judgment.

imposed the same sentence imposed in 2001, but added the statutorily required fine and suspended it. Bender appeals.

Bender argues the district court "exceeded the mandate of the appellate court when it refused to allow" the withdrawal of the plea. He asserts that because the 2001 plea agreement included an illegal sentence (no fine, contrary to statutory requirement), the district court was required on remand to allow him to withdraw his plea. Bender argues that the court on remand erred in concluding the law of the case was that his conviction could not be challenged. We disagree.

On appeal, this court clearly stated, "We also reject Bender's pro se argument that due to a violation of Iowa Code section 708.4(2) his conviction should be vacated. We agree with the State's argument that the time for appeal of that *conviction has passed and affirm the conviction.*"[2] *Id.* (emphasis added). "It is a familiar legal principle that an appellate decision becomes the law of the case and is controlling on both the trial court and on any further appeals in the same case." *United Fire & Cas. Co. v. Iowa Dist. Ct.*, 612 N.W.2d 101, 103 (Iowa 2000). This court "vacate[d] the nunc pro tunc order and the initial sentencing order and remand[ed] for resentencing." *Bender*, 2013 WL 2368826, at *3.

"On remand, the jurisdiction of the case is returned to the district court for the purpose of doing the act authorized or directed by the appellate court in its

---

[2] Thus, to the extent that Bender's claim is actually a challenge to the 2001 plea proceeding, Bender did not file a motion in arrest of judgment after being informed during the plea proceeding of the necessity of doing so and the consequences for failing to do the same. *See* Iowa R. Crim. P. 2.24(3)(a).

opinion 'and nothing else.'" *City of Okoboji*, 744 N.W.2d at 331; *United Fire*, 612 N.W.2d at 104 ("Generally, the district court is vested with discretion to direct the course of the case following remand absent specific instructions.").  "A mandate to the district court contained in a decision of this court becomes the law of the case on remand, and a district court that misconstrues or acts inconsistently with the mandate acts illegally by failing to apply the correct rule of law or exceeding its jurisdiction." *City of Okoboji*, 744 N.W.2d at 330.

The case was remanded for resentencing only.  Thus, the district court had no discretion to vacate the conviction.  *See id.*  The district court did not err in refusing to allow Bender to withdraw his plea.  We annul the writ.

**WRIT ANNULLED.**