# IN THE COURT OF APPEALS OF IOWA

No. 15-0103
Filed August 17, 2016


TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and ST. PAUL FIRE & MARINE INSURANCE COMPANY,
    Plaintiffs-Appellants,

vs.

FLEXSTEEL INDUSTRIES, INC.,
    Defendant-Appellee,

and

SENTRY INSURANCE MUTUAL COMPANY; CONTINENTAL CASUALTY COMPANY; NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA; ILLINOIS NATIONAL INSURANCE COMPANY; HARTFORD FIRE INSURANCE COMPANY; AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; KEMPER INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; and FEDERAL INSURANCE COMPANY,
    Defendants.
_____
    Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

    An insurer appeals the district court's grant of an insured's motion to dismiss declaratory judgment actions involving the interpretation of certain insurance exclusions. **AFFIRMED.**

    Robert V.P. Waterman Jr. and Abbey C. Furlong of Lane & Waterman, L.L.P., Davenport, for appellants.

    Les V. Reddick, Todd L. Stevenson, and Joseph P. Kane of Kane, Norby & Reddick, P.C., Dubuque, for appellee.

    Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Travelers Property Casualty Company of America and St. Paul Fire & Marine Insurance Company (Travelers) appeal the dismissal of their declaratory judgment actions against Flexsteel Industries, Inc. Travelers asserts the district court is permitted to revisit the choice-of-law ruling, which was previously adjudicated in the first appeal, when new facts call for a different conclusion and the district court abused its discretion in dismissing the actions. We affirm the district court.

**I. Background Facts and Proceedings.**

This is the second time this case has been before this court. *See Travelers Prop. Cas. Co. of Am. v. Flexsteel Indus., Inc.*, No 12-2014, 2014 WL 1234248 (Iowa Ct. App. Mar. 26, 2014). The underlying facts of the case were sufficiently laid out in our previous opinion:

> Chair manufacturer Flexsteel Industries, Inc., which maintains its headquarters in Dubuque, Iowa, was sued in Indiana state court by individuals claiming to have been exposed to chemicals released from two of its Indiana plants. Flexsteel carried primary and excess liability insurance issued by a number of insurance companies. Two of those companies, Travelers Property Casualty Company of America and St. Paul Fire & Marine Insurance Company, sued Flexsteel in Iowa, seeking a declaration that pollution exclusion provisions eliminated coverage, including any duty to defend or indemnify Flexsteel in connection with the Indiana lawsuit. Other insurers entered the Iowa lawsuit and, in time, sought the same relief as Travelers and St. Paul.
> Meanwhile, Flexsteel filed a third-party insurance coverage complaint in the Indiana action. The company also moved to dismiss or stay the Iowa action pending resolution of the Indiana litigation. Travelers and St. Paul, in turn, moved for summary judgment in the Iowa action. They asserted that, under Iowa law, the pollution exclusion barred coverage.
> The Iowa district court denied Flexsteel's motion to dismiss or stay and granted Travelers's and St. Paul's motion for summary judgment. Applying Iowa law, the court concluded Travelers and

St. Paul did not have a duty to defend Flexsteel in the Indiana litigation.

The remaining insurers in the Iowa litigation filed their own motions for summary judgment. Additionally, Travelers and St. Paul filed a second declaratory judgment action in Iowa state court to resolve coverage obligations in a separate environmental lawsuit filed against Flexsteel in Indiana federal court. Flexsteel again moved to dismiss or stay this action, and Travelers and St. Paul again moved for summary judgment. The Iowa district court denied the motion to dismiss or stay and granted the insurers' summary judgment motions in both suits. Invoking its reasoning in the first summary judgment ruling, the court concluded "Iowa law applies to all of the policies at issue and . . . the pollution exclusion provisions have full force and effect."[1]

*Id.* at *1.

In that appeal, this court affirmed the district court's denial of Flexsteel's motion to dismiss based on comity grounds but reversed the district court's grant of summary judgment to Travelers after we concluded Indiana law, rather than Iowa law, should apply to the insurance coverage dispute. We remanded the case for further proceedings.

While the previous appeal was pending, the Indiana actions addressing the same coverage disputes filed by Flexsteel were stayed. But upon the issuance of procedendo following our previous appeal decision, the Indiana courts lifted the stay and moved forward with the litigation in that state, asserting

---

[1] As we noted in the previous appeal decision, at the heart of these various filings is the question of which state's law controls the interpretation of the pollution exclusion in the insurance policies. *Flexsteel*, 2014 WL 1234248, at *3.

Iowa law holds that pollution exclusions like the ones contained in Flexsteel's policies unambiguously bar coverage for bodily injury or property damage resulting from the release of pollutants. Indiana law, in contrast, holds that language similar to the language contained in these policies is ambiguous and is construed against the insurer and in favor of coverage. Understandably, then, the insurers want Iowa law to apply, while Flexsteel would prefer the application of Indiana law on the coverage issue.

*Id.* (internal citations omitted).

it agreed with our court's decision that Indiana law applied to the coverage dispute.[2]

Upon remand, Flexsteel renewed its motion to dismiss in light of this court's choice-of-law ruling. Travelers resisted the motion to dismiss, and the other insurers involved in the case joined in that resistance. Travelers also sent Flexsteel requests for admission, which sought to develop more facts regarding the choice-of-law issue, and in response, Flexsteel sought a protective order. After a hearing, the district court granted Flexsteel's motion to dismiss and ruled the motion for a protective order was moot in light of the dismissal. Travelers now appeals.[3]

## II. Scope and Standard of Review.

Our review of the district court's dismissal of an action based on comity grounds is for an abuse of discretion. *First Midwest Corp. v. Corp. Fin. Assocs.*, 663 N.W.2d 888, 890 (Iowa 2003). Reversal may be warranted where the discretionary action "is capriciously exercised or abused." *Id.* at 891 (citation omitted).

---

[2] In between the district court's summary judgment decision and our court's opinion reversing the district court's summary judgment decision, Travelers, and the other involved insurers, moved to dismiss or stay the Indiana actions based on principles of comity and judicial efficiency because Travelers's actions in Iowa was filed first, approximately five days before Flexsteel filed its first action in Indiana. The Indiana courts denied the motions to dismiss based on comity, concluding Travelers never conveyed its coverage decision to Flexsteel prior to filing the Iowa declaratory judgment actions and it only filed the first action in Iowa in the hopes of securing a more favorable forum knowing its policy exclusion would likely not be honored in Indiana. In addition, the Indiana court expressed its doubt that Iowa law would govern the coverage dispute, noting, without deciding, that an Indiana court would be very likely to apply Indiana law to the dispute.

[3] Despite the fact the other insurance carriers involved in this case joined Travelers's resistance to Flexsteel's motion to dismiss, there is no indication in the notice of appeal or in the briefing that any of the other insurance carriers join Travelers in this appeal. Thus, the dismissal order stands final as against these other insurance carriers.

### III. Motion to Dismiss—Comity.

The doctrine of comity permits, but does not require, a court to stay or dismiss a pending case where the same parties and the same subject matter is pending in a court in another state. *Id*. at 890. As we stated in *Flexsteel*, 2014 WL 1234248, at *1, the relevant factors when ruling on such a motion are:

> comity, the desirability of avoiding a multiplicity of forums, whether the foreign litigation is at an advanced or preliminary stage, the likelihood of obtaining complete relief in the foreign jurisdiction, and the possibility that a judgment entered in the foreign jurisdiction will give rise to collateral estoppel or will render the matter before the court res judicata. Where a prior foreign action involves the same parties and the same issues and is pending before a court capable of doing prompt and complete justice, the court's discretion may be freely exercised in favor of a stay. *First Midwest*[, 663 N.W.2d at 891].

*See also* 1 Am. Jur. 2d *Actions* § 69 (2016).

Flexsteel filed the same motion to dismiss or stay the Iowa actions in 2011, and this motion was the subject of the first appeal. The motion requested the Iowa action be stayed or dismissed without prejudice pending the resolution of the Indiana actions. The district court denied the first motion, concluding the first-filed status of the Iowa coverage actions carried with it "heavy weight" and the other factors favored the Iowa actions as well. On appeal, we affirmed the district court's denial of the motion, noting the abuse of discretion standard and the fact that the district court considered and applied all of the relevant factors involved. *See Flexsteel*, 2014 WL 1234248, at *2 (finding the district court did not rely exclusively on the "first-filed" status but instead went on to consider and apply the other factors to reach its conclusion).

After our appeal was final, Flexsteel refiled the motion to dismiss, attaching the original 2011 motion and asking that the actions be stayed or dismissed for all the reasons stated in the new motion and in the 2011 motion. Flexsteel noted several changes that had taken place since the first motion was denied. Among those changes, our appeal decision had declared, based on the summary judgment record, that Indiana law applied to the coverage question because Indiana had the most significant relationship under the Restatement (Second) Conflict of Laws's applicable provisions. *See id.* at *6, *8. Flexsteel claimed there was no longer a legitimate purpose for the Iowa courts to entertain arguments related to Indiana law when the courts of Indiana would be deciding the same issues involving the same parties in the separately filed actions. The Indiana lawsuits, which had been stayed pending the outcome of the first appeal, were moving forward with discovery. The Iowa actions were still, as the district court called it, "in [their] infancy" because despite the past three years of litigation Flexsteel had yet to file an answer. In addition, Flexsteel claimed dismissal of the Iowa actions would avoid multiplicity of forums and all issues could be resolved in Indiana, which meant there was no longer any need for the litigation to remain in Iowa.

Travelers resisted the motion to dismiss, noting our court had already affirmed the district court's earlier denial of the motion to dismiss or stay the Iowa actions. Travelers maintained Flexsteel did not offer any new or valid basis for the court to deviate from its prior rulings. It noted the Iowa district court was perfectly capable of applying Indiana law to the actions, if it were ultimately determined Indiana law would apply. Travelers noted its intention to file

additional or renewed motions for summary judgment in Iowa upon the completion of discovery. It asserted the proceedings in Iowa were far from over, despite this court's prior ruling, and the parties would likely find themselves again before an Iowa appellate court before the coverage issue was finally resolved. Finally, it asserted the Indiana actions were also in their infancy as there was no substantial progress in that forum and the stay was still in place, pending a hearing, after Travelers objected to the court's decision to lift the stay.

While a hearing was pending on the motion to dismiss or stay the Iowa actions, Travelers sent Flexsteel requests for admission seeking Flexsteel to admit it maintained manufacturing and retail locations in other states around the country. The information about Flexsteel's operations throughout the United States was obtained from Flexsteel's annual reports filed with the Securities and Exchange Commission. Travelers sought this discovery in an effort to file a second summary judgment motion on the issue of choice of law because our court had determined Indiana law applied based on the record in the first summary judgment proceeding.[4]

In response to this discovery request, Flexsteel filed a motion for a protective order, asserting it should be exempted from answering the discovery because the issue of choice of law had already been finally adjudicated by this

---

[4] Our court determined in the first appeal, based on an affidavit from Flexsteel, that the company only had one location in Iowa and ten locations in Indiana, with no other business locations identified. *See Flexsteel*, 2014 WL 1234248, at *5 ("According to the summary judgment record, [Flexsteel's] business operation was located at fixed plants throughout one state—Indiana—and at one site in another state—Iowa. Accordingly, [this] would suggest that the insured risk is principally located in a single state: Indiana."). However, we note in the district court's summary judgment decision, the district court found Flexsteel does business nationwide and the insurance policy coverage territory included the entire United States and other specified locations.

court's first opinion. Flexsteel asserted based on the doctrines of law of the case and issue preclusion Travelers's discovery requests were irrelevant.

A hearing on the motion to dismiss and the motion for a protective order was conducted on October 16, 2014, where the court heard arguments from both parties. Travelers noted its opposition to both motions by asserting the law-of-the-case doctrine did not preclude the court from reaching a conclusion different from this court's decision on the choice-of-law question if new facts were introduced that materially affected the issue. Thus, it was Travelers's argument that Flexsteel should be obligated to answer the discovery and that it intended, with those answers, to file a second motion for summary judgment on the choice-of-law issue because these new facts would alter the choice-of-law decision, thereby justifying the case proceeding in Iowa. Following the hearing, Travelers filed a written opposition to the motion for a protective order.

The district court granted the motion to dismiss and concluded, as a result, the motion for a protective order was moot. In granting the motion to dismiss, the district court noted it was capable of applying Indiana law, but the litigation was further along in the Indiana courts and it was time for the litigation to move forward in one location.

On appeal from that ruling, Travelers asserts the district court abused its discretion in dismissing the actions because it had the erroneous belief that it lacked the discretion to revisit the choice-of-law issue. It also claims that the court's belief that "[t]he landscape of the litigation ha[d] significantly changed" was incorrect. While we agree with Travelers's legal proposition that the choice-of-law issue can, under certain circumstances, be revisited without offending the

law-of-the-case doctrine, we do not conclude the court abused its discretion in dismissing the Iowa actions.[5]

**A. Law of the Case.** The law-of-the-case doctrine provides, "the legal principles announced and the views expressed by a reviewing court in an opinion, right or wrong, are binding throughout further progress of the case." *Lee v. State*, 874 N.W.2d 631, 646 (Iowa 2016). "The doctrine is based on a public policy against reopening matters which have already been decided." *Bahl v. City of Asbury*, 725 N.W.2d 317, 321 (Iowa 2006). Issues decided on appeal cannot, generally, be reheard, reconsidered, or relitigated; the appellate decision is final as to all issues decided; and the trial court is obligated to follow that decision. *Id.* However, the doctrine has limitations and exceptions, one of which is "if the facts before the court upon the second trial are materially different from those appearing upon the first." *State v. Grosvenor*, 402 N.W.2d 402, 405 (Iowa 1987); *see also United Fire & Cas. Co. v. Iowa Dist. Ct.*, 612 N.W.2d 101, 103 (Iowa 2000) (noting the exceptions to the doctrine include a legislative change in the law, a clarification in controlling judicial decisions, and a different presentation of facts on retrial or other proceeding following remand). This exception only applies "where the right to a new trial or similar further proceeding survives an appeal." *United Fire & Cas.*, 612 N.W.2d at 104 (noting the parties could not relitigate an insurance policy exclusion upon remand because the issue of the

---

[5] Flexsteel asserts Travelers did not preserve error on its choice-of-law argument because the argument was not contained in Travelers's written resistance to the motion to dismiss. Upon our review of the record, including the transcript of the hearing, we determined the issue was presented to the district court and it was implicitly ruled on when the court granted the motion to dismiss. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) ("If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." (citation omitted)).

policy exclusion was "placed . . . squarely before the trial court" and "[t]here was no further issue to be litigated on remand").

We disagree with Travelers that the district court's belief that it could not revisit the choice-of-law issue following our remand led the district court to abuse its discretion in dismissing the actions. In support of its appellate argument, Travelers points to a footnote in the district court's ruling, which stated:

> The insurers continue to take issue with the Court of Appeals ruling, arguing that the case was not decided on a full and fair record. The Court of Appeals decided the case on the record before it and denied rehearing. The Supreme Court denied further review. The District Court's sole responsibility is to proceed in accordance with those decisions, which are clear and unambiguous. Accordingly, the insurers' argument as to whether the appellate decision was proper is immaterial.

Travelers claims the reference the court made to its "sole responsibility" to proceed in accordance with the clear and unambiguous appellate court decision, shows the district court thought it did not have a choice except to apply Indiana law to the controversy. While the choice-of-law issue had been decided in *Flexsteel*, 2014 WL 1234248, at *6, *8, that decision was not controlling as to the question of whether to dismiss the case based on comity principles in favor of the Indiana actions. The district court did not dismiss the case in favor of Indiana because it could not apply Indiana law. To the contrary, the district court specifically found it was fully capable of applying Indiana law to the facts of the case. The district court, in the context of the motion to dismiss, was not asked to rule whether it had the ability to revisit the choice-of-law question; it was asked to dismiss the case on comity grounds, and choice of law is not a factor in the comity analysis. *See First Midwest*, 663 N.W.2d at 891. So the next question is

whether the court abused its discretion in considering and applying the comity factors.

**B.	District Court's Discretion.** A review of the district court's ruling shows it carefully considered each of the factors that are to be analyzed when a court exercises its discretion on comity grounds. The district court noted:

> The landscape of this litigation has changed significantly since November of 2011, when the Court ruled on the first motion to dismiss. At that time, both the Iowa and Indiana litigations were relatively new, and it had not been decided whether Iowa or Indiana law would govern the dispute. The Court gave heavy weight to the fact that the insurers had chosen their forum and filed their action before Flexsteel raised the issue in the Indiana litigation. Several years have passed, and the Indiana litigation is no longer in its infancy, whereas the Iowa litigation is. Accordingly, at this stage the Court is inclined to give less weight to the order of filing and more weight to the goal of avoiding a multiplicity of forums and the procedural confusion and inefficiency resulting therefrom.
>
> The Court of Appeals has determined that Indiana law shall govern this dispute. In reaching this decision, the Court of Appeals determined that the dispute had a more significant connection with the State of Indiana than it did with the State of Iowa. While this Court is capable of applying Indiana law, the Court of Appeals ruling on this point is another indication that the dispute more properly belongs in an Indiana Court, especially after taking into account the factors enumerated above.
>
> In the end analysis, this litigation has been churning in the Courts of Indiana and Iowa for more than three years. During that time, the parties have had to litigate in both states, incurring significant expense along the way without any certainty as to where or how the dispute would be resolved. The dispute now has more significant connections to the State of Indiana, where the litigation is further along than it is here, and the factors on which the Court based its earlier rulings no longer carry the weight they once did. It is time for this dispute to move forward in a single forum, and it is appropriate that it move forward in the State of Indiana.

The district court was cognizant of the multiplicity of forums the parties had already had to endure over the previous three years, forcing the parties to incur significant expense and uncertainty. In the district court's assessment, the

need for efficiency in the litigation and the avoidance of procedural confusion now outweighed the first-filed factor, which it had previously accorded heavy weight. The court noted that by the time of the second motion to dismiss in Iowa, the Indiana actions had moved into the discovery phase, while the Iowa actions were still in their "infancy." Finally, it concluded Indiana had a more significant connection to the dispute.

Like a panel of this court in *Flexsteel*, 2014 WL 1234248, at *3, we discern no abuse of discretion in the district court's ruling on the motion to dismiss on comity grounds.[6] To the extent Travelers wishes to revisit the choice-of-law issue in light of the new facts it sought to develop upon remand, this matter can be addressed in the Indiana courts. In the event Iowa law is held to apply at that point, Indiana courts are fully capable of applying such law, just as Iowa is capable of applying Indiana law.

---

[6] We note, consistent with Flexsteel's request for relief in the 2011 motion to dismiss, this dismissal was without prejudice. *See Hammond v. Fla. Fin. Corp.*, 695 N.W.2d 1, 8 (Iowa 2005) (noting a dismissal with prejudice is a means of declaring there has been an adjudication of the merits of the case); *see also Am. Econ. Ins. Co. v. Felts*, 759 N.E.2d 649, 661 (Ind. Ct. App. 2001) ("Inasmuch as dismissal based on comity is not a determination on the merits, we conclude that the dismissal should have been without prejudice."); *Exxon Research & Eng'g Co. v. Indus. Risk Insurers*, 775 A.2d 601, 619 (N.J. Super. Ct. App. Div. 2001) ("[T]he dismissal of the complaint predicated on the application of comity was not an adjudication on the merits.").

**IV. Conclusion.**

Because we conclude the district court did not abuse its discretion in dismissing the Iowa actions on comity grounds, we affirm.

**AFFIRMED.**