# IN THE COURT OF APPEALS OF IOWA

––––––––––––––––––

No. 25-1602
Filed June 24, 2026

––––––––––––––––––

**Robert Teig,**
Plaintiff-Appellant/Cross-Appellee,

v.

**Vanessa Chavez,**
Defendant-Appellee/Cross-Appellant,

and

**Alissa Van Sloten, Patricia G. Kropf, Elizabeth Jacobi,
Brad Hart and Teresa Feldmann,**
Defendants-Appellees.

––––––––––––––––––

Appeal from the Iowa District Court for Linn County,
The Honorable Lars G. Anderson, Judge.

––––––––––––––––––

**AFFIRMED ON APPEAL AND CROSS-APPEAL**

––––––––––––––––––

Robert L. Teig, Cedar Rapids, self-represented
Plaintiff-Appellant/Cross-Appellee.

Allison M. Steuterman of Brick Gentry, P.C., West Des Moines, attorney
for Defendant-Appellee/Cross-Appellant Vanessa Chavez.

Leslie C. Behaunek and Adam P. Humes of Nyemaster Goode, P.C., Des Moines, attorneys for Defendants-Appellees Teresa Feldmann, Brad Hart, Elizabeth Jacobi, Patricia G. Kropf, and Alissa Van Sloten.

_____

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Schumacher, P.J.

**SCHUMACHER, Presiding Judge.**

Robert Teig appeals, alleging the district court erred by: (1) imposing court costs on the City of Cedar Rapids and Vanessa Chavez rather than imposing costs or damages on defendants Teresa Feldmann, Brad Hart, Patricia Kropf, and Alissa Van Sloten, in contravention of an Iowa Supreme Court ruling; (2) by not addressing the issue of redactions on job applicant requests provided to Teig by defendant Chavez; (3) by not finding that defendant Elizabeth Jacobi violated chapter 22 of the Iowa Code (2025) by incorrectly stating to Teig that requested records had not yet been received by the City; (4) by finding that an attorney-created opinion letter was privileged; (5) by refusing to decide that Chavez's job application was not exempt from disclosure under chapter 22, in contravention of the supreme court's previous ruling; and (6) by refusing to issue damages or injunctions against Feldmann, Hart, Jacobi, Kropf, and Van Sloten.

Chavez cross-appeals, asserting the district court erred in finding she violated chapter 22 and by assessing costs and damages against her individually.

Upon our review, we affirm on the appeal and cross-appeal.

## I.    Background Facts & Proceedings

This case arises out of a citizen's interest in the hiring process for the city clerk and city attorney for Cedar Rapids. On December 6, 2021, Teig submitted an open records request to the City of Cedar Rapids, the subject of this appeal, the facts of which were summarized by our supreme court in a previous opinion:

> Finally, we consider Teig's request for documents related to the city council's November 23 closed session. The city council closed the session

"to discuss strategy with legal counsel with regard to pending litigation." On December 6, Teig requested "records showing the name of the litigation, name of any attorney involved, and bills and expenditures related to the matter." Jacobi replied on December 8, claiming "the city ha[d] not yet received any invoices regarding this representation," but agreed to "examine them upon receipt to determine whether any redactions are necessary to preserve the attorney client privilege."

However, the record shows the City approved a payment of $3,167.50 to the law firm Lynch Dallas P.C. on December 7, with $2,167 of that total being paid on the same day. On March 11, Teig acquired a redacted billing document related to the November 23 session directly from Lynch Dallas through discovery in this litigation in a file named: "FINAL APPROVED BILLINGS TO SEND TO TEIG APPROVED BY CITY." There is no indication the City kept Teig apprised of any updates between December 6 and March 11.

*Teig v. Chavez*, 8 N.W.3d 484, 499 (Iowa 2024).

The supreme court, after extended analysis, affirmed four claims arising from the district court's grant of summary judgment to the defendants. *See generally id.* The court remanded two issues, including that "the district court—as the fact-finder—should address whether the delayed receipt of the billing records was an unreasonable delay in violation of chapter 22," and that the district court was to determine what statutory remedies, attorney fees and costs, apply to the delay. *Id.* at 499–500. The court further determined that "no defendants are liable for damages for refusal to disclose job applications, and the City is therefore responsible for these costs and fees." *Id.* at 500. The court "remand[ed] for further proceedings *consistent with this opinion*." *Id.* (emphasis added).

On remand, the district court concluded that only those two issues needed to be addressed as per the *Teig* opinion. The district court also ordered the parties to file status reports to inform the court how they believed the matter should be resolved. The parties submitted a joint status report,

where the defendants stated the remand was limited to the issues identified by the district court. Contrarily, Teig asserted that the remand was general, a trial should commence, and the *Teig* opinion "did not limit the issues to be considered."

The district court, in response to the status report, entered an order that reiterated there were two issues for determination on remand and set an evidentiary hearing. After the hearing, the district court entered an order finding the ninety-day delay in receiving the billing records was unreasonable under chapter 22. The court also found, on the remedy issue, that $100 in damages was appropriate for the delay, and assessed the fine to Chavez. The district court did not assess attorney fees, as Teig represented himself. Concerning court costs, the district court awarded fifty percent of the costs to Teig—assessed equally against the City and Chavez. The district court later denied Teig's motion pursuant to Iowa Rule of Civil Procedure 1.904, where he argued several other issues should have been addressed on remand.

Teig appeals the district court's determinations, and Chavez cross-appeals.

## II.    Analysis

### A. Issues on Remand

Preliminarily, we must determine whether Teig's asserted issues are beyond the two the district court identified for our review.

Teig asserts that the supreme court's remand in *Teig* was a general remand, which would allow the district court to rule on new and previously raised issues. The appellees contend that these issues were not within the scope of the remand. We agree with the latter position. "We examine the

judgment and action of the tribunal below to determine if the tribunal exceeded its jurisdiction or acted illegally." *City of Okoboji v. Iowa Dist. Ct.*, 744 N.W.2d 327, 330 (Iowa 2008).

A mandate provided by the supreme court to the district court "becomes the law of the case on remand, and a district court that misconstrues or acts inconsistently with the mandate acts illegally by failing to apply the correct rule of law or [by] exceeding its jurisdiction." *Id.* "On remand, the jurisdiction of the case is returned to the district court for the purpose of doing the act authorized or directed by the appellate court in its opinion and nothing else." *Id.* at 331 (cleaned up).

Often, a mandate from an appellate court merely instructs "the district court to proceed consistently with the appellate court decision." *Id.* at 331–32. When this happens, "the district court must not read the mandate in a vacuum, but must consider the full opinion," including the appellate court's rationale and intent. *Id.* at 332. "The critical objective of the district court is to proceed in accordance with the mandate and the law of the case as established on appeal." *Id.* (cleaned up).

Here, the district court reviewed the *Teig* opinion and correctly determined there were two issues to address: (1) whether there was unreasonable delay in providing the billing records and (2) assessing costs and attorney fees related to the failure "to disclose job applications from internal applicants." *See Teig*, 8 N.W.3d at 500. The district court correctly analyzed *Teig*'s mandates, most of which were resolved in favor of the defendants, and identified the apparent remand instructions. *See id.* at 490–

500.[1] We find the district court did not "act[] inconsistently with the mandate," "fail[] to apply the correct rule of law[,] or exceed[] its jurisdiction." *City of Okoboji*, 744 N.W.2d at 330. Accordingly, our review on appeal is limited to the two issues identified by the district court and is also informed by the supreme court's direction that "no defendants are liable for damages for refusal to disclose job applications, and the City is therefore responsible."[2] *Teig*, 8 N.W.3d at 500.

## B. Chavez's Cross-Appeal

Chavez asserts the district court erred in finding she violated chapter 22 based on an unreasonable delay in providing billing records to Teig and by assessing costs and a fine to her individually. Because claims under

---

[1] In *Teig*, the supreme court considered Teig's five arguments in reviewing the district court's granting of summary judgment in favor of the defendants:

> (1) job applications submitted to government bodies are not confidential under chapter 22, (2) municipalities cannot claim attorney-client privilege in the context of an open records request, (3) search and retrieval fees are not authorized by chapter 22, (4) defendants unreasonably delayed fulfilling certain requests, and (5) the district court should have granted [Teig] leave to submit additional interrogatories in the ensuing litigation.

8 N.W.3d at 488. The court affirmed summary judgment on issues (2), (3), and (5). *See generally id.* at 490–500. The court affirmed in part on issue (1), finding communications between a government body and persons employed within the government "are not protected from disclosure under section 22.7(18)," while applications from external applicants are protected. *Id.* at 494–95. The court reversed in part on issue (4), remanding so Teig could pursue relief "for any proved unreasonable delay." *Id.* at 500.

[2] Per the holdings and instructions of the *Teig* opinion, we decline to address Teig's assertions that defendants Feldmann, Hart, Jacobi, Kropf, and Van Sloten should have been assessed damages, costs, and injunctions, or his argument regarding redactions, or any other newly raised claims. *See* 8 N.W.3d at 500.

Iowa's Open Records Act are tried in equity, our review is de novo. *Diercks v. Scott Cnty.*, 17 N.W.3d 364, 369 (Iowa 2025).

First, we address Teig's argument that Chavez's cross-appeal was untimely under the Iowa Rules of Appellate Procedure. Rule 6.101 provides, in relevant part:

> (1) *Time for filing notice of appeal from final orders and judgments.*
>
> . . . .
>
> b. *All other cases.* A notice of appeal must be filed in the district court and an informational copy with the supreme court within 30 days after the final order or judgment. However, if a motion is timely filed under Iowa Rule of Civil Procedure 1.904(2) or 1.1007, the notice of appeal must be filed within 30 days after the filing of the ruling on such motion.
>
> c. *Timely filing of a motion defined.* For purposes of rule 6.101(1)(a)-(b), a motion is considered timely if it is filed by the applicable deadline and the motion asks the court to reconsider, enlarge, or amend the court's order, ruling, judgment, or decree.
>
> . . . .
>
> (2) *Time for filing notice of cross-appeal.*
>
> . . . .
>
> b. *All other cases.* In all other appeals, any notice of cross-appeal must be filed in the district court and an informational copy with the supreme court within the 30-day limit for filing a notice of appeal, or within 10 days after the filing of a notice of appeal, whichever is later.

Here, the district court entered its order on Teig's rule 1.904 motion on September 18, 2025. Teig filed a notice of appeal on September 26, 2025, and Chavez filed her notice of cross-appeal on October 9, 2025. Because Chavez filed a notice of cross-appeal within thirty days of the district court's ruling on Teig's Rule 1.904 motion, the notice of cross-appeal was timely. *See* Iowa R. App. P. 6.101(1)(b)–(2)(b) (noting a cross-appeal is timely if filed

"within the 30-day limit for filing a notice of appeal, or within 10 days after the filing of a notice of appeal, whichever is later"); *Melchiori v. Kooi*, 644 N.W.2d 365, 370 (Iowa Ct. App. 2002) (holding a cross-appeal filed within thirty days of judgment on a now-renumbered rule 1.904 motion was timely and provided appellate jurisdiction).

We turn to Chavez's claim that Teig's amended petition failed to provide fair notice to her concerning undue delay in providing the billing records. We need not address this claim, as Chavez never raised it in the district court, and the court did not rule on it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Chavez next argues that she substantially complied with the requirements of chapter 22, precluding any violation. Teig asserts this issue is not preserved for our review, while Chavez maintains that issues not raised in pleadings but tried by express or implied consent shall be treated as if raised in the pleadings. *See United Fire and Cas. Co. v. Iowa Dist. Ct.*, 612 N.W.2d 101, 104 (Iowa 2000); *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) ("If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is incomplete or sparse, the issue has been preserved.") (emphasis in original) (cleaned up).

The district court analyzed evidence which may relate to substantial compliance with chapter 22, stating that "it is the defendant's obligation to demonstrate compliance with the statute." Chavez's pleadings denied any violation of chapter 22 with factual assertions, implying she substantially complied with the statute. "[W]e will utilize substantial compliance here, assuming without deciding that it is the appropriate test." *Horsfield Materials, Inc. v. City of Dyersville*, 834 N.W.2d 444, 462 (Iowa 2013). But notwithstanding our decision to employ the substantial-compliance

standard, we find Chavez implicitly refused the chapter 22 request despite any alleged compliance, as outlined below. *See id.*

We turn to whether the district court correctly found Chavez violated chapter 22 by unreasonably delaying production of the requested billing records. Chapter 22 of the Iowa Code provides that "[e]very person shall have the right to examine and copy a public record." Iowa Code § 22.2(1). Section 22.10(1) permits judicial enforcement of chapter 22 when a "defendant refused to make those government records available for examination and copying by the plaintiff," with the burden of proving compliance of the chapter placed upon the defendant. *Id.* § 22.10(2). Our supreme court has determined that refusal to provide government records "can be established either through an express refusal or through an implicit refusal," which can be established by an "extensive delay." *Belin v. Reynolds*, 989 N.W.2d 166, 175 (Iowa 2023). Other factors to be considered regarding whether an extensive or, in essence, an "unreasonable" delay qualifies as a refusal are:

> (1) how promptly the defendant acknowledged the plaintiff's requests and follow-up inquiries, (2) whether the defendant assured the plaintiff of the defendant's intent to provide the requested records, (3) whether the defendant explained why requested records weren't immediately available (e.g., what searches needed to be performed or what other obstacles needed to be overcome), (4) whether the defendant produced records as they became available (sometimes called "rolling production"), (5) whether the defendant updated the plaintiff on efforts to obtain and produce records, and (6) whether the defendant provided information about when records could be expected.

*Id.* We agree with the district court that the delay was implicitly unreasonable.

10

As stated by the district court, the length of delay—ninety days—was more than the delay found unreasonable in *Horsfield*. *See* 834 N.W.2d at 462. And although Jacobi erroneously informed Teig the City had not received the records, no one employed by the City corrected that statement nor followed up with Teig until he received the records months later. The evidence shows the City did not produce the billing records when they became available and did not provide any updates as to when the records could be expected. As the district court opined, although the circumstances of the request show there was no purposeful intent to violate the statute, the delay was nonetheless unreasonable.

Damages for violating the statute require the court to "assess the persons who participated in its violation damages in the amount of not more than five hundred dollars and not less than one hundred dollars." Iowa Code § 22.10(3)(b). The evidence demonstrates that Chavez inadvertently participated in violation of the statute, implicitly refusing to produce the billing records to Teig.[3]

Because we determine Chavez violated the statute by her failure to provide the billing records, the district court did not err in assessing damages and costs against Chavez as required under section 22.10(3)(b) and (c).

---

[3] Chavez asserts in her reply brief that she was not "the lawful custodian" of the billing records after she was hired as city attorney, as required by section 22.10(1). That said, section 22.10(1) states an action may be brought "against the lawful custodian and any other persons who would be appropriate defendants under the circumstances." The billing records in question were a result of legal advice from outside counsel concerning threatened litigation by Teig. We think Chavez, as city attorney, is accordingly an appropriate defendant. Also, the district court was correct in finding Jacobi did not violate the statute as, "[w]hile [Jacobi] initially received the request, her involvement . . . was over as of December 13, at which point the delay was not unreasonable."

Further, we agree with the district court's assessment of costs to the City for the violation found by our supreme court, as it was precluded from assessing those costs upon individual defendants. *See Teig*, 8 N.W.3d at 500.

The district court awarded Teig fifty percent of his costs. On appeal, Teig highlights section 22.10(3)(c), which states the district court "[s]hall order the payment of *all costs*" to a prevailing plaintiff (emphasis added).

The district court noted, "It is impossible to determine mathematically the amount of costs that are associated with the two matters entitling Teig to fees." We agree with the district court that the language contemplates an award of costs associated with the successful establishment of a violation, not for the claims that are unsuccessful. We therefore affirm the award of costs at fifty percent of Teig's total costs, as he prevailed on two matters and was unsuccessful on more than half of his claims.

## III.    Conclusion

For the above reasons, we affirm the district court on the appeal and cross-appeal.

**AFFIRMED ON APPEAL AND CROSS-APPEAL.**