**C & M PROPERTY MANAGEMENT COMPANY, A Nebraska Partnership, Appellee,**

v.

**BLUFFS U.P. EMPLOYEES CREDIT UNION, Appellant.**

No. 91–1358.

Court of Appeals of Iowa.

April 28, 1992.

Lyle A. Rodenburg, Council Bluffs, for appellant.

James A. Pratt of Pratt & Heithoff, Council Bluffs, and Michael L. Lazer, Omaha, for appellee.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

FACTS

In 1967, Goodrich Dairy obtained title to four contiguous lots in Council Bluffs, numbered 6 through 9. It constructed a retail dairy store on part of lots 7 and 8 of the property. In 1970, Goodrich Dairy con-

veyed to appellee's predecessors in interest a part of the land, not including the store, consisting of lot 6 and a portion of lot 7. The conveyance contained the following easement grant:

> The grantor hereby grants an easement to the grantees for ingress and egress over Lots 7 and 8 and agrees to put no barricades thereon. Said easement is to be perpetual and a covenant running with the land.

The predecessors in interest then constructed a building and installed a coin operated laundry on the property.

In March 1990, Goodrich Dairy sold its portion of the lots to the Bluff's U.P. Credit Union. Shortly thereafter, C & M Property became the owner of the laundromat property.

After C & M purchased the property, Bluff's installed concrete precast parking stops along a major portion of the boundary between the two properties. Although cars could still pass between the two properties, the placement of the stops reduced the parking spaces available to laundromat customers. For easier reference, we attach as Appendix A a diagram of the property in question.

In September 1990, C & M Property filed a petition for declaratory judgment seeking removal of the parking stops. Following trial to the court, the district court entered its decree ordering Bluffs to remove the precast concrete parking stops. The Bluffs U.P. Credit Union has filed this appeal.

## SCOPE OF REVIEW

■ The legal or equitable nature of a declaratory judgment procedure is to be determined by the pleadings, the relief sought, and the nature of the case. *Corsiglia v. Summit Center Corp.*, 348 N.W.2d 647, 649 (Iowa App.1984) (citation omitted). This case was tried in equity; therefore, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

## ANALYSIS

■ The main issue is whether appellant interfered with appellee's easement for ingress and egress across lots 7 and 8 by installing concrete parking stops along a major portion of the boundary between the two parties' properties. The district court determined the parking stops interfered with appellee's ingress and egress rights. We reverse on this issue.

The deed granting the original easement was dated November 18, 1970. At that time, what is now appellee's property was bare land. It appears the original grantor intended the easement to allow appellee the right to ingress and egress at the Avenue G entrance on appellant's lot 8 and traverse across both lots 8 and 7 to get to appellee's lot 6.

C & M claims a right of its customers to enter C & M's own entrance then swing over onto Bluff's lot 7 before parking on lot 6 to the west of the laundromat. Additionally, C & M claims a right of its customers to back out from the parking spaces onto appellant's lot 7 and then exit from C & M's entrance on lot 6. C & M is not claiming a right of its customers to park on appellant's lot 7, but claims a right of its customers to be able to back out of the parking spaces on lot 6 onto Bluff's lot 7 before exiting.

■ Generally, the servient estate is not to be burdened to a greater extent than was contemplated at the time of the creation of the easement. *Brossart v. Corlett*, 27 Iowa 288, 297 (1869) (citations omitted). The laundromat present today was not built until 1972 or 1973. Before that, the property was bare land. It is clear the parties did not contemplate appellee's parking situation at the time the easement was created. The main purpose of the easement was to create rights of ingress and egress on lots 7 and 8. The easement provision is explicit in this respect.

"Ingress" is defined as "the act, or right of, entering." *Black's Law Dictionary,* 400 (5th ed. 1983). "Egress" is defined as "the means or act of going out." *Black's Law Dictionary,* 269 (5th ed. 1983). In no way have appellee's rights to ingress and egress been interfered with by appellant's placement of parking stops. Apparently the parking stops merely reduce the number of parking spaces on one side of the laundromat by restricting the manner and direction in which appellee's customers may park. But the parking stops do not prevent the appellee's customers from entering or exiting on appellant's property.

Further, if we were to permit the injunction to stand, we would defeat the purpose of the easement for we would in effect be sanctioning appellee's uses of appellant's property to increase its parking. We are convinced this was not contemplated by the parties at the time of the creation of the easement for such use by appellee ousts appellant from its own property because of the increased burden placed on the servient estate.

## CONCLUSION

We hold appellant did not interfere with appellee's easement for ingress and egress by installing concrete parking stops along a major portion of the boundary between the two properties. Appellee's right to enter and exit appellant's property has not been denied. The injunction requiring appellant to remove the parking stops must be dissolved. We reverse the holding of the district court and remand with instructions not inconsistent with this opinion.

Costs of this appeal are taxed to the appellee.

**REVERSED AND REMANDED.**

# APPENDIX A