Ricky E. CLINE, Appellant,

v.

David RICHARDSON and Sheila Richardson, Husband and Wife; Contel of Iowa, Inc. d/b/a GTE Iowa; Iowa Electric Light and Power Company; and Harry Wright d/b/a Wright's Plumbing, Heating, Air Conditioning & Excavating, Appellees.

No. 93–1163.

Court of Appeals of Iowa.

Oct. 25, 1994.

Timothy W. Dille and J.W. McGrath of McGrath & McGrath, P.C., Keosauqua, for appellant.

Allan C. Orsborn of Keith, Orsborn, Bauerle, Milani & Neary, Ottumwa, for appellees Richardsons.

Stanley J. Thompson of Davis, Hockenberg, Wine, Brown, Koehn, & Shors, P.C., Des Moines, for appellee Contel of Iowa.

Thomas L. Anders, Centerville, for appellee Iowa Elec.

Harry Wright, pro se.

Heard by DONIELSON, C.J., HUITINK, J., and McCARTNEY, Senior Judge.*

DONIELSON, Chief Judge.

This is an appeal from an equitable action involving the interpretation of easement language granting a right of ingress and egress. We affirm the trial court's ruling that the easement includes the right to install utilities, reverse the inclusion of deposition costs in the court costs, and remand with instructions.

In 1981 Scott Richardson wished to purchase a piece of real estate from Mr. Gerald Pasch. The land was approximately three acres in size. Mr. Richardson was unable to obtain financing to buy the entire tract, so his father, David Richardson, and stepmother, Sheila Richardson, agreed to purchase a one-acre piece of the real estate at the south

* Senior judge from the second judicial district serving on this court by order of the Iowa Supreme Court.

end of the property and Scott was to purchase the remaining portion of the acreage on the north side.

David and Sheila planned to build a home on the land they purchased from Pasch. Evidence at trial indicated David, Sheila, Scott, and Pasch discussed the need to provide an easement along the west edge of the real estate to ensure David and Sheila would have access and could install utilities to their property. When Pasch conveyed the land to the Richardsons it contained language providing David and Sheila with a "right for ingress and egress" over the land purchased by Scott.

Scott Richardson sold his land to Ricky E. Cline in 1988. In the fall of 1990 David and Sheila Richardson (hereinafter "Richardsons") had underground water, telephone, and electricity lines installed under the land subject to their easement. Cline concedes the land he purchased is subject to an access easement giving David and Sheila Richardson the right to go in and out of their property, but he argues their easement for ingress and egress does not include the right to install utilities.

In December 1991 Cline filed suit against the Richardsons. He alleged the installation of the utility lines constituted a use of the servient estate for an unauthorized purpose and was a trespass. Cline sought injunctive relief or, alternatively, damages for the alleged increase in value to the Richardsons' property resulting from the installation of the utility lines.

A trial was held on June 21–22, 1993, and the trial court found "it was clearly in the intent of the parties at the time the easement was created that it be an open easement and that it be available for installation of utilities." The court alternatively found even if the easement were construed not to allow the installation of utilities, Cline had failed to prove a diminution in value to his property and would not be entitled to recovery. The trial court dismissed Cline's petition and assessed court costs against him. .

Cline appeals. Our scope of review in this equity action is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of the witnesses. Iowa R.App.P. 14(f)(7).

## I. *Parol Evidence*

■■■■ Cline contends the trial court erred in utilizing parol evidence in reaching its ruling. The parol evidence rule excludes extrinsic evidence which is offered solely for the purpose of varying, adding to, or subtracting from a written agreement. *Johnson v. Dodgen,* 451 N.W.2d 168, 176 (Iowa 1990). "The parol evidence rule is a rule of substantive law not related to interpretation or the admission of evidence for the purpose of interpretation." *Folkers v. Southwest Leasing,* 431 N.W.2d 177, 180 (Iowa App.1988). Interpretation is the search for the meaning of contractual terms. *Id.* Our object is to ascertain the meaning and intention of the parties as expressed by the language used. *Id.*

■■■ Cline's counsel did not object at trial to any of the testimony from Scott, David and Sheila Richardson regarding their intentions as to the type and scope of easement they requested and obtained in 1981. However, since the parol evidence rule is a rule of substantive law the absence of an objection does not preclude us from disregarding the evidence if it in fact constitutes parol evidence. *See Johnson,* 451 N.W.2d at 176; *Matter of Estate of Kalouse,* 282 N.W.2d 98, 105 (Iowa 1979).

From our review of the record we conclude the testimony regarding the parties' intentions with respect to the easement was not parol evidence intended to vary, add to or subtract from a written agreement. The trial court was required to interpret what an "easement right for ingress and egress" was intended to provide and the testimony of parties involved in the creation of the easement was relevant to determining its meaning. *See, e.g., Tamm, Inc. v. Pildis,* 249 N.W.2d 823, 832 (Iowa 1976) (evidence of what grantor of easement intended the term "driveway" to mean was not excludable as parol evidence). The trial court did not err in utilizing evidence of the parties' intentions in creating the easement when interpreting its scope.

## II. *Easement Right for Ingress and Egress*

Cline argues the trial court erred in construing the easement to include the right to install utilities. "An easement is a liberty, privilege, or advantage in land without profit, existing distinct from ownership." *Hawk v. Rice,* 325 N.W.2d 97, 98 (Iowa 1982). Easements may be established by an express written grant, prescription or implication. *Tamm, Inc. v. Pildis,* 249 N.W.2d 823, 835 (Iowa 1976).

Cline cites *C & M Property Management Co. v. Bluffs U.P. Employees Credit Union,* 486 N.W.2d 596, 597 (Iowa App.1992), for the proposition an easement for ingress and egress provides only a right to access to the dominant estate. In *C & M* access to the dominant estate was not affected and the sole issue was whether an easement for ingress and egress assured the dominant estate maximum parking space for its customers. In *C & M* we recognized that generally a servient estate is not to be burdened to a greater extent than was contemplated at the time of the creation of the easement, *C & M,* 486 N.W.2d at 597, and we focused on the purpose of the easement and what the parties had contemplated at the time of its creation. *Id.* at 597–98.

Focusing on the purpose of the Richardsons' easement and what was contemplated by the parties to its creation, we agree with the trial court their easement for ingress and egress includes the right to install utilities. In other jurisdictions similar access easements have been interpreted to include the right to install utilities. *See, e.g., Stott v. Dvorak,* No. CV92–0101097S, 1994 WL 131131 (Conn.Super.Ct. April 5, 1994) (easement for right to travel over right-of-way included right to install utilities); *Kelly v. Schmelz,* 439 S.W.2d 211, 214 (Mo.Ct.App. 1969) (express easement to county road included right to install utility poles); *Dowgiel v. Reid,* 359 Pa. 448, 59 A.2d 115, 117–118 (1948) (easement for "private road or cartway" included right to erect utility poles); *New York Cent. R. Co. v. Yarian,* 219 Ind. 477, 485, 39 N.E.2d 604, 606 (1942) (easement for "farm crossings" included installation of underground conduit for the purpose of supplying electricity to farm).

We affirm the trial court's interpretation of the easement. The Richardsons' installation of utilities did not burden the servient estate to a greater extent than was contemplated at the time of the creation of the easement and Cline is not entitled to any injunctive or monetary relief.

## III. *Court Costs*

Cline contends the clerk of court should not have included the cost of his deposition in computing court costs. The "necessary expenses of taking depositions" are among the costs taxable by the clerk. Iowa Code § 625.14 (1993). However, deposition costs are recoverable only to the extent they were incurred for depositions introduced into evidence in whole or in part at trial. *Woody v. Machin,* 380 N.W.2d 727, 730 (Iowa 1986); Iowa R.Civ.P. 157(a). A trial court's determination under Rule 157(a) involves an exercise of discretion and will be reversed only upon a finding of abuse of discretion. *Coker v. Abell–Howe Co.,* 491 N.W.2d 143, 151 (Iowa 1992).

The Iowa Supreme Court has held the mere mention or "bootstrapping" of a deposition into a trial court record will not support taxing the cost of the deposition to the losing party. *Id.* at 152. The Richardsons claim the use of Cline's deposition was not "bootstrapped" into the record but was used to impeach him. Their brief provides no specific examples or cites to the record to support this contention. We have reviewed the trial transcript and find only one reference to Cline's deposition. That reference arose during questioning related to Cline's damages and the placement of gravel over the easement. The deposition was neither offered nor admitted into evidence. It was an abuse of discretion to tax the costs of the deposition to Cline and this matter is remanded to the district court for entry of an order instructing the clerk to delete that cost from the total costs of the action assessed against Cline.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.