# IN THE COURT OF APPEALS OF IOWA

No. 16-0496
Filed October 25, 2017

**ALICE M. SHEA,**
  Plaintiff-Appellant/Cross-Appellee,

**vs.**

**THERESA LORENZ, KRISTIN OSTRANDER,
VALERIE BISANZ, THOMAS LORENZ, and HEIDI LORENZ,**
  Defendants-Appellees/Cross-Appellants, and

MARK LORENZ,
  Defendant.

_____

Appeal from the Iowa District Court for Pottawattamie County, James M. Richardson, Judge.

Both parties appeal the district court orders that followed our previous decision remanding this matter. **AFFIRMED ON BOTH APPEALS AND REMANDED.**

Gary J. Shea of Gary J. Shea Law Offices, Cedar Rapids, for appellant/cross-appellee.

David J. Skalka of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C., Omaha, Nebraska, and M. Brett Ryan, Council Bluffs, for appellees/cross-appellants.

Heard by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Alice Shea appeals, and Theresa Lorenz and her siblings: Heidi Lorenz, Valerie Bisanz, Kristin Ostrander, and Thomas Lorenz (collectively the Lorenz siblings) cross-appeal, the district court's decision following our previous opinion remanding this matter to the district court for the establishment of a constructive trust. *See Shea v. Lorenz*, No. 14-0898, 2015 WL 4158781, at *20 (Iowa Ct. App. July 9, 2015). In this appeal, Alice asserts (1) the district court should not have appointed the Lorenz siblings as receivers of the constructive trust, (2) the Lorenz siblings should pay interest at a rate of 5% on the funds they received from their father, Bill Lorenz, from the time they obtained possession of the funds, and (3) the district court erred in retaxing the trial court costs on remand.

In their cross-appeal, the Lorenz siblings assert (1) we should give full faith and credit to the Nebraska's Supreme Court opinion in the Bill Lorenz probate case which should result in vacating our previous opinion, (2) Alice's acceptance of the past due spousal support waives her claims to expand the prior district court ruling, (3) they should not have to pay interest on the spousal support payments, (4) the court's appointment of any receivers is an error, (5) the court erred in ordering interest on the past due spousal support and in enjoining them from using the funds, and (6) the court erred in assessing the full amount of the judgment against Theresa instead of reducing the amount by the funds that were paid to her now deceased brother, Matthew Lorenz.

**I. Background Facts and Proceedings.**

The background facts of this acrimonious litigation are sufficiently outlined in our prior decision, and they need not be repeated here except where pertinent to the current issues in this appeal. *See Shea*, 2015 WL 4158781, at *1–4. Our prior decision resulted in a remand to the district court for the establishment of a constructive trust, which was to be made up of the amount of funds each Lorenz sibling obtained from their father's pay-on-death investment accounts with Schwab. We ordered:

> Each child shall be responsible up to the amount they received from these accounts, except the Estate of Matthew Lorenz and Debbie Lorenz who were dismissed by Alice prior to trial. Theresa shall be jointly and severally liable for the full amount of the fraudulently transferred funds from the Schwab accounts.

*Id.* at *20. In addition, this court entered a separate order that assessed Alice, Theresa, and Mark Lorenz with one-third of the costs on appeal and directed "a retaxation of trial court costs in district court upon remand." Alice's spousal support obligation continued to accrue during the prior appeal, and on September 28, 2015, the Lorenz siblings and Mark Lorenz deposited the sum of $62,000[1] with the court for satisfaction of thirty-one months of spousal support payments.

---

[1] This amount included almost the entirety of the funds Mark Lorenz received from his father's investment account—$48,011.02—which Mark authorized the clerk to release to Alice upon the filing of a satisfaction of judgment against Mark. The remaining funds were contributed by the Lorenz siblings in equal amounts. The Lorenz siblings continued to deposit $2000 per month with the court in partial satisfaction of the judgment. In January 2016, the district court ordered the clerk of court to remit the funds currently being held ($70,000) to Alice and outlined the amount each defendant should be credited with paying. Alice filed the acknowledgment of receipt of partial payment but also noted she did not acknowledge satisfaction of the judgment in full and "reserve all unpaid judgments and claims, including for accruing interest and principal which were not timely paid and are delinquent and due." Since then, the Lorenz siblings have continued to deposit $2000 each month with the clerk of court for the payment of Alice's spousal support.

Upon remand, the district court entered an order that provided:

> [A] constructive trust shall be formed with Defendants Theresa Lorenz, Kristin Ostrander, Mark Lorenz, Valerie Bisanz, [Thomas Lorenz[2]] and Heidi Lorenz responsible for said alimony obligation to the extent of any Schwab investment account received from [Bill] Lorenz. Defendant Theresa Lorenz shall be jointly and severally liable for the total amount of the fraudulently transferred funds from [Bill] Lorenz's Schwab accounts.

Thereafter, Alice filed a motion to retax court costs and also a motion to establish a constructive trust, which would name an independent receiver to take possession of the funds and authorize the receiver to oversee the monthly spousal support distributions and investment of the funds. These motions came on for hearing in February 2016, and the court left in place its previous ruling assessing court costs to Theresa, though it specifically articulated the amount of the expert witness fees, mileage, and postage. It ordered interest to accrue on past due spousal support payments at a rate of 10% per annum until paid and made the interest a valid claim against the constructive trust. It ordered Alice to file a written demand for the exact interest she claimed. It also entered judgment for the specific amount each Lorenz sibling would be responsible to pay under the constructive trust for Alice's spousal support and appointed each sibling as the receiver of the trust for the amount each is responsible to pay. Finally, it ordered each of the siblings to be "enjoined and prohibited from transferring or encumbering in any way any asset or funds held by them as a result of their inheritance from their father until they have paid the entire judgments entered against them in this case."

---

[2] Thomas's name was not included in this order due to a scrivener's error. Thomas was included in the subsequent district court order that entered individual judgments against each of the Lorenz siblings.

Alice filed a posttrial motion seeking the court to expand its order to include additional court costs, additional interest from the time the Lorenz siblings obtained possession of the funds from their father or from when the lawsuit was filed, and for an order for each Lorenz sibling to provide an accounting of the funds. The court summarily denied Alice's motion.

The Lorenz siblings then filed a "motion to vacate judgment or alternatively rule 1.904(2) motion to amend judgment." The Lorenz siblings asserted the Nebraska Supreme Court recently issued its decision in the Bill Lorenz probate case, which must be given full faith and credit under the U.S. Constitution and required a finding that Alice's claims in Iowa be dismissed. In the alternative, the motion requested the court correct the total judgment entered against Theresa by subtracting out the funds that were paid to her now deceased brother, Matthew, who had been dismissed from the lawsuit before the prior appeal. The motion also asked the court to reconsider its decision on interest, and remove the injunction placed on the siblings from using the funds. Alice filed a resistance to this motion, but before the court could rule, Alice filed a notice of appeal.[3] However, Alice also sought a limited remand from our supreme court so that the district court could rule on this motion, which was granted by the supreme court.

In April 2016, the district court denied the Lorenz siblings' amended motion, concluding in accordance with our prior opinion the Nebraska probate case did not affect Alice's Iowa claims under the Uniform Fraudulent Transfers

---

[3] After the notice of appeal, the Lorenz siblings filed an amended motion, adding a claim that Alice's acceptance of the spousal support due to date waived her claim to expand the prior district court judgment. The district court also rejected this claim in its April 2016 order.

Act (UFTA), the total amount of the judgment against Theresa was correct but she was entitled to a full credit for the amounts paid by her siblings, the siblings are enjoined for using the funds in order to ensure sufficient funds are available to fulfill the spousal support obligation, and the 10% interest on the past due payments would remain in accordance with Iowa Code section 535.3(2) (2011). The Lorenz siblings filed a cross-appeal.

## II. Motion to Dismiss Cross-Appeal.

As a preliminary matter, Alice filed a motion to dismiss the Lorenz siblings' cross-appeal, asserting the district court and this court lack jurisdiction or authority to address the effects of the Nebraska probate case on this litigation, the motion was an improper collateral attack on our prior opinion that did not comply with the rules governing a petition to vacate under Iowa Rules of Civil Procedure 1.1012 and 1.1013, and the Lorenz siblings did not timely file a notice of appeal because the notice filed identified the wrong date of the district court's decision.

> A motion to dismiss an appeal must be:
>
> based upon the appellant's failure to comply with an appellate filing deadline established by an appellate rule or court order, the appellant's filing of a document that fails to substantially comply with the appellate rules or a court order, or an allegation that the appropriate appellate court lacks jurisdiction or authority to address the case.

Iowa R. App. P. 6.1006(1)(a). Any concerns Alice raises in her motion related to the Lorenz siblings' attempt to again argue the effect of the Nebraska probate case on the Iowa UFTA action go to the merits of the litigation, not our jurisdiction or authority to consider the matter. *Cooper v. Kirkwood Cmty. Coll.*, 782 N.W.2d

160, 164 (Iowa Ct. App. 2010) ("Subject matter jurisdiction is the power of a court to hear and determine cases of the general class [that] the proceedings in question belong." (alteration in original) (citation omitted)); *see also Schrier v. State*, 573 N.W.2d 242, 244–45 (Iowa 1997) ("A court lacks authority to hear a particular case where a party fails to follow the statutory procedures for invoking the court's authority."). The form of the motion the Lorenz siblings filed in the district court to obtain a ruling on their claims does not address a failure to abide by an appellate rule or court order. Finally, while we note the Lorenz siblings did list an incorrect date for the district court's decision they were appealing, we will not penalize them for what is clearly a scrivener's error because it is clear as to the district court order from which they were appealing. *Schrader v. Sioux City*, 167 N.W.2d 669, 672 (Iowa 1969) ("We have repeatedly held that a notice of appeal must sufficiently describe the judgment or order appealed from so as to leave no doubt as to its identity."); *Mapp v. State*, 14-1538, 2016 WL 146246, at *1 (Iowa Ct. App. Jan. 13, 2016) ("Here, the notice of appeal contained a scrivener's error setting forth the wrong date of the order from which the appeal was taken. We conclude this scrivener's error does not deprive this court of jurisdiction over the appeal."). We therefore deny Alice's motion to dismiss the cross-appeal.

## III. Nebraska Supreme Court.

In the Lorenz siblings' cross-appeal, they first allege the district court incorrectly denied their motion to vacate the prior rulings in this case in light of the Nebraska Supreme Court's recently issued decision in the Bill Lorenz estate

matter. There, the Nebraska Supreme Court ruled, in part, that Alice failed to make a timely demand upon Theresa, as the estate's personal representative, under the applicable state statute for Theresa to bring an action to recover the pay-on-death investment accounts to bring those funds into the estate to pay Alice's spousal support claim. *See In re Estate of Lorenz*, 873 N.W.2d 396, 404 (Neb. 2016). This decision was not yet filed at the time we issued our previous opinion, though we did note the action was pending before the Nebraska Supreme Court. *See Shea*, 2015 WL 4158781, at *6 n.4.

The Lorenz siblings assert that in order to give full faith and credit to the Nebraska decision, this litigation must be dismissed and all prior rulings vacated that require them to pay Alice spousal support from these pay-on-death investment accounts. Citing *National Equipment Rental, Ltd. v. Esterville Ford, Inc.*, 313 N.W.2d 538, 541 (Iowa 1981), they assert the Nebraska decision has preclusive effect on any other state's decision to require them to pay Alice spousal support from these funds.

In our prior decision on appeal, we rejected Theresa's attempt to use the Nebraska probate rulings to dismiss the Iowa litigation regarding the pay-on-death accounts. *See Shea*, 2015 WL 4158781, at *4–7. We stated:

> In this litigation in Iowa, Alice did not assert claims against Bill or his estate to recover the fraudulently transferred funds. Here, she only sued the recipients of those funds, making claims in equity and under the fraudulent transfer act. The fact Alice had other causes of action available to her and other remedies in other jurisdictions does not deprive the Iowa courts of the authority to decide the claims Alice brought against Bill's children.
> . . . .
> . . . Alice did not file suit against Bill's estate or sue Theresa in her capacity as the estate's personal representative. In the Iowa

litigation, she was not seeking to return the pay-on-death funds to the estate but seeking to establish a constructive trust whereby the fraudulently transferred funds would be made available to her to satisfy her alimony claim. She was also seeking attorney fees and punitive damages for the actions Theresa took in assisting her father in transferring these assets beyond the reach of Bill's estate. Because of the differences in the causes of action, we conclude the Nebraska probate case does not preclude Alice's Iowa lawsuit.

. . . .

In this case the proof required to sustain an action in the Nebraska probate action under Nebraska Revised Statute section 30–2726(a) is different from the proof necessary to sustain a claim under Iowa's [UFTA]. *See* Iowa Code § 684.12. The focus in the probate action would be on the validity of Alice's alimony claim against the estate and whether the assets in Bill's estate were sufficient to satisfy that claim, whereas the focus in the UFTA action was on whether fraud was committed in attempting to circumvent the dissolution decree by removing assets from Bill's estate. In addition, the recovery sought is different in the two actions. In the Iowa UFTA action, Alice can seek attorney fees and punitive damages unavailable to her in the Nebraska probate court.

*Id.* at *5–6. This ruling became the law of the case when the supreme court

denied Theresa's petition for further review.

It is a familiar legal principle that an appellate decision becomes the law of the case and is controlling on both the trial court and on any further appeals in the same case. Like res judicata, the law of the case doctrine is founded on a public policy against reopening matters which have been decided. Thus, issues decided by an appellate court generally cannot be reheard, reconsidered, or relitigated in the trial court. The appellate court decision is final as to all questions decided, and the trial court is obligated to follow that decision.

*United Fire & Cas. Co. v. Iowa Dist. Ct.*, 612 N.W.2d 101, 103 (Iowa 2000)

(citations omitted). There are some situations where the law-of-the-case doctrine

does not apply. *Id.* Those include "when the law has been changed by

legislative enactment," "when the controlling law has been clarified by judicial

decisions following remand," and "when different facts are presented on retrial or

other proceedings on an issue after remand." *Id.* at 103–04. None of these exceptions apply in this case.

Even assuming the timing of the issuance of the Nebraska Supreme Court decision, which followed our prior remand, could be seen as an exception to the doctrine, the Full Faith and Credit Clause does not require a different result. The Full Faith and Credit Clause "requires the courts of each state to give to the judgment of another state the same preclusive effect between the parties as is given such judgment in the state in which it was rendered." *Nat'l Equip. Rental*, 313 N.W.2d at 541. "[T]he preclusive effect of a judgment must be determined by the law of the state in which it was rendered." *Id.* The Lorenz siblings cite no authority from Nebraska, and we find none, that would preclude Alice from asserting a claim under the Nebraska UFTA, *see* Neb. Rev. Stat. § 36-701 to -712, to establish a constructive trust over nonprobate assets where her claim to recover those assets to the estate was unsuccessful. We thus conclude that Nebraska, like Iowa, would permit the independent cause of action against the Lorenz siblings to establish a constructive trust over the pay-on-death accounts.

Finally, the Lorenz siblings assert this court was "improperly influenced" by the now overruled Nebraska Court of Appeals decision as evidenced by quoting certain passages that have now been reversed by the Nebraska Supreme Court. We disagree. While the reasoning for the outcome of the probate matter by the Nebraska courts has fluctuated, the outcome of the case is largely unchanged following the Nebraska Supreme Court decision—Alice cannot recover the pay-on-death accounts through the estate. *Compare In re Estate of Lorenz*, 858

N.W.2d 230, 247 (Neb. Ct. App. 2014) ("[I]t was not error for the county court to conclude that there was no basis to appoint a special administrator for purposes of § 30–2726."), *with Lorenz*, 873 N.W.2d at 404 ("[W]e agree with the county court that Alice failed to make a timely written demand as required under § 30–2726."). We conclude nothing in the recent Nebraska Supreme Court decision changes our holding that Iowa had jurisdiction over Alice's UFTA action and that the Nebraska probate action has no preclusive effect on this litigation.

## IV. Receivers.

All parties appeal the court's order appointing each of the Lorenz siblings receivers of the constructive trust. Alice asserts appointing the Lorenz siblings as receivers is like putting the fox in charge of the hen house. She asks for an independent receiver to take possession of the entire amount of the funds, invest the funds for her benefit, and provide the court with an accounting. The Lorenz siblings note Alice is not entitled to immediate possession of all of the funds because her claim to spousal support is contingent upon her living month to month.[4] Thus, transferring the entire sum to a third party receiver would be inequitable. In addition, the Lorenz siblings assert Alice's request the receiver have reporting, accounting, and investment obligations confuses a constructive trust with an express trust.

---

[4] The Lorenz siblings also assert Alice's request for a third-party receiver is barred by res judicata because the same request had already been denied by the district court prior to the first appeal and Alice did not seek review of the denial at that time. Due to our remand order for the district court to establish a constructive trust for all the funds received from the pay-on-death accounts, we conclude Alice was not barred from again asserting a receiver should be appointed for the new constructive trust.

As we noted in our prior decision, a constructive trust is "an equitable doctrine" that "arises by construction of the court" "to prevent unjust enrichment." *Slocum v. Hammond*, 346 N.W.2d 485, 493 (Iowa 1984). It allows for the holder of legal title (the Lorenz siblings) "to be a trustee for the benefit of another who in good conscience is entitled to the beneficial interest" (Alice). *Id.* (citation omitted). Alice is only entitled to monthly spousal support so long as she remains alive and unmarried. Alice is not entitled to take possession of the entire lump sum, but Alice's claim to future spousal support payments must be protected from dissipation while those funds remain in the hands of the Lorenz siblings. We conclude the district court, by appointing the Lorenz siblings as receivers and restricting them from transferring or encumbering the funds, struck the proper equitable balance between Alice's interest in future spousal support payments and the Lorenz siblings' interest maintaining title to the funds until such time as they are due to pay Alice's spousal support. We affirm the court's order appointing the Lorenz siblings as receivers.

**V. Interest.**

Both parties also raise issues regarding what interest rate, if any, should apply and when, if ever, interest should accrue. The district court ordered 10% interest to apply to any monthly spousal support payment that was more than thirty days past due. *See* Iowa Code § 535.3(2). Alice maintains she is entitled to prejudgment interest on the entire value of the funds from the moment the funds were transferred to the Lorenz sibling at a rate of 5%. *See* Iowa Code § 535.2(1)(b), (d) (providing 5% interest is due on "b. Money after it becomes

due." and "d. Money received to the use of another and retained beyond a reasonable time, without the owner's consent, express or implied."). However, Alice was not entitled to the full value of the pay-on-death funds at the time they were transferred to the Lorenz siblings in September 2010, nor is she entitled even now to the full value of the funds. She is only entitled to monthly spousal support payments assuming she remains alive and unmarried. Thus, we conclude the district court did not err in denying her claim for 5% interest on the entire value of the funds from September 2010.

Iowa Code section 535.3(1) provides "[i]nterest shall be allowed on all money due on judgments and decrees of courts at a rate calculated according to section 668.13." Although the parties disagree on whether, and to what extent, such rate should apply to this case, Alice does not disagree with the Lorenz siblings that the section 668.13 rate would be 2.12%, if applicable. "[A]n award of interest under section 535.3 is obligatory on the district court, and interest should be awarded even when it has not been requested." *Mermigis v. Servicemaster Indus., Inc.*, 437 N.W.2d 242, 248 (Iowa 1989) (citations omitted). Interest shall accrue from the date the action was commenced. Iowa Code § 668.13(1). Having already concluded in the foregoing paragraph that Alice is not currently entitled to be paid interest on the entire value of the funds, the interest accruals required by section 668.13(1) shall instead be added to the amounts of the individual judgments entered against each of the Lorenz siblings in the district court's February 15, 2016 order that created the constructive trust in this case. The interest is to be computed as provided in section 668.13(3) and

(5). This interest accrual thus increases the value of the constructive trust available for payment of Alice's future monthly spousal support. The interest provided in this paragraph is separate and distinct from interest addressed in the following paragraph for past due spousal support payments.

In their cross-appeal, the Lorenz siblings assert it is unclear in the district court's order whether the 10% interest due on past due spousal support payments is prejudgment or postjudgment interest. Because Alice did not seek prejudgment interest at trial, the Lorenz siblings assert we should reverse the district court's decision on interest to the extent it purports to grant prejudgment interest. The Lorenz siblings also assert the district court was wrong to apply the interest rate found in section 535.3(2) to the past due spousal support payments because they are not parties to the dissolution decree. However, the Lorenz siblings are stepping into the shoes of the Bill Lorenz estate in making the monthly spousal support payments because the funds that were fraudulently transferred should have remained in his estate. The dissolution decree did create a lien against Bill's estate, should he precede Alice in death, in the amount of the monthly support obligation. *See Shea*, 2015 WL 4158781, at *2. Thus, in order to fully restore Alice to the position she would have been in absent the fraudulent transfer—to make her whole—the Lorenz siblings are responsible for 10% interest on any support payment not made within thirty days of the payment becoming due from the time Bill's estate became insolvent after February 2013. *Id.*

## VI.  Judgment Amount.

Next, the Lorenz siblings assert the court erred in entering judgment against Theresa for $331,185.32[5]—the full amount of the pay-on-death funds as of the date of Bill Lorenz's death.  Because the estate of Theresa's brother Matthew had been dismissed from the litigation prior to the first appeal, Theresa maintains she should not be responsible for the amount Matthew received from the funds.

Our prior decision determined Theresa should be liable for the full amount of the fraudulently transferred funds due to her conspiracy with, and assistance to, Bill in transferring the assets out of his estate to frustrate the spousal support obligation to Alice.  *See id.* at *16 ("Theresa should be liable for the full amount of the fraudulently transferred funds, not just the funds she received from her father, as a joint tortfeasor for providing substantial assistance to Bill knowing the transfer of these funds breached Bill's support obligation.").  "[W]hen an appellate court remands with directions, the trial court must carry out the directions." *Helmkamp v. Clark Ready Mix Co.*, 249 N.W.2d 655, 656 (Iowa 1977); *see also City of Okoboji v. Iowa Dist. Ct.*, 744 N.W.2d 327, 331 (Iowa 2008) ("It is a fundamental rule of law that a trial court is required to honor and respect the rulings and mandates by appellate courts in a case.").  Our remand direction was to enter a judgment against Theresa for the "full amount of the fraudulently transferred funds from the Schawb accounts."  *Shea*, 2015 WL 4158781, at *20.

---

[5] In the initial trial ruling, it was claimed the full amount of the pay-on-death accounts was approximately $380,000.  However, in this appeal, both parties agree the full amount of the funds in the Schwab pay-on-death accounts as of the date of Bill Lorenz's death was $331,185.32.  This is the amount we will use.

This is what the district court did, and we find the amount is not to be reduced by the amount distributed to Matthew Lorenz.

**VII. Partial Payment.**

In the Lorenz siblings amended motion to vacate, they asserted their payment, and Alice's acceptance, of the lump sum spousal support payments that accrued after February 2013 until after our prior decision was final ($70,000) served as "a waiver of [Alice's] right to seek further expansion of relief against [the Lorenz siblings] in this matter." It was the Lorenz siblings' assertion that the court's award of 10% interest and the entering of a specific monetary judgment, with credit for amounts already paid, was "an expansion of relief previously granted" and those provisions should be vacated. The Lorenz siblings cited no authority for their claim. The district court, in rejecting this assertion, cited the case of *In re Marriage of Abild*, which provides:

> One who accepts material and substantial benefits under a judgment or decree may not ordinarily challenge the provisions under which such benefits are awarded. However, this rule is subject to an exception. When an amount accepted under a judgment or decree is part of a sum admittedly due and does not cover the amount claimed, its acceptance does not alone constitute acquiescence in the provision of the judgment or decree under which the amount is awarded.
> When an appellant accepts only that which the appellee concedes, or is bound to concede, to be due him under the judgment or decree, he is not barred from prosecution of an appeal which involves only his right to a further recovery. Acceptance of part of the award in such circumstances is not inconsistent with the appellant's claim that the award should have been larger.

243 N.W.2d 541, 542–43 (Iowa 1976) (citations omitted). Because both parties agreed that the amount due to Alice, assuming she remains alive and unmarried, amounts to the total amount of funds received from Bill's pay-on-death accounts,

the district court concluded Alice's partial acceptance of $70,000 did not waive her claim for future relief. While the Lorenz siblings on appeal assert the exception articulated in the *Abild* case is inapplicable, we agree with the district court.

## VIII. Court Costs.

Finally, Alice asserts the district court abused its discretion in failing to award her additional court costs after our previous remand. In an order following our prior opinion, we ordered "a retaxation of trial costs in district court upon remand. Iowa Code §§ 625.4, 625.16. [Alice] shall file her motion regarding trial court costs in district court for that court to determine the amount to be taxed to each party." Alice filed her motion as directed, and in response, the district court articulated the amount to be paid for expert witness fees, mileage, and postage. But in all other respects, it affirmed its prior order to assess these costs to Theresa. Alice claims she is entitled to recover additional costs for deposition transcripts introduced at trial and for service fees.

We review the district court's assessment of litigation costs under chapter 625 for an abuse of discretion. *Cline v. Richardson*, 526 N.W.2d 166, 169 (Iowa Ct. App. 1994). Alice claims the district court abused its discretion by "failing to engage in any discussion or analysis of these costs." The court clearly exercised its discretion in ruling on Alice's motion to retax costs, and the court's failure to specifically discuss each cost she wanted assessed does not amount to an abuse of discretion. We affirm on this issue.

**IX. Conclusion.**

We affirm the district court's various rulings in their entirety following our prior remand to the district court. We find no error in the various claims raised by both parties on appeal, nor do we find any abuse of discretion. However, we do direct that interest under section 535.3(1) be added to the amount of each judgment that was previously entered and said interest should accrue from the date the action was commenced. This interest will increase the value of the constructive trust available for payment of Alice's future monthly spousal support. We remand this matter to the district court for the entry of an order addressing section 535.3(1) interest. Costs on appeal are assessed one-half to Alice and one-half shared equally by Theresa Lorenz, Heidi Lorenz, Valerie Bisanz, Kristin Ostrander, and Thomas Lorenz.

**AFFIRMED ON BOTH APPEALS AND REMANDED.**